No. 25,396.

THE STATE OF KANSAS, ex rel. THE PUBLIC UTILITIES COMMISSION and C. B. GRIFFITH, as Attorney-general, *Plaintiff,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Defendant.*

SYLLABUS BY THE COURT.

MANDAMUS—*Railroad Company Required to Submit Its Books, Accounts, Records, Property and Memoranda to Examination of Public Utilities Commission.* A writ of mandamus will issue to compel a railroad company organized under the laws of this state and doing an interstate business to submit its books, accounts, papers, records, property and memoranda to the examination of the public utilities commission, its agents, accountants, and examiners for the purpose of obtaining information to be used as evidence in a proceeding pending before the interstate commerce commission

wherein the public utilities commission of the state of Kansas is petitioner and the interstate railroad company is respondent.

Original proceeding in mandamus. Opinion filed May 10, 1924. Writ allowed.

*Fred S. Jackson,* of Topeka, and *Maurice Murphy,* of St. Marys, for the plaintiff.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is an orginal proceeding in mandamus by which the plaintiff seeks to "compel the defendant to permit the public utilities commission and its agents, accountants, and examiners to inspect and examine the books, accounts, papers, records, property and memoranda concerning repairing, rebuilding, and making additions and betterments to locomotives, passenger and freight cars used by the defendant as a public utility and common carrier. The inspection and examination desired is of the books, accounts, etc., commencing in January, 1916, and running to November 7, 1923. The petition alleges that the defendant refused to allow such inspection and examination. An alternative writ of mandamus has been issued." This is the second time this case has been presented. The former opinion is reported in 115 Kan. 3, 221 Pac. 259, from which the above statement is quoted. To the alternative writ of mandamus, the defendant filed a motion to quash. That motion was denied, and the defendant was given ten days in which to answer. An answer has been filed, and the plaintiff has filed a motion for judgment notwithstanding defendant's answer to the alternative writ.

In the answer, the defendant alleges that it is engaged in interstate commerce; that, as an interestate commerce carrier, it is subject to the control of the interstate commerce commission and keeps its books, and accounts as required by that commission; that there is nothing pending before the public utilities commission requiring an examination of the books, accounts, etc., used by the defendant; that to permit an examination of its books, accounts, etc., would violate section 15 of the bill of rights of the constitution of the state of Kansas; that under the law governing the interstate commerce commission its examiners are prohibited from divulging any fact or information which may have come to their knowledge during

their examination of the books, records, papers, or accounts of any common carrier; and that the plaintiff desires to use the information secured by it as evidence in a proceeding pending before the interstate commerce commission wherein the public utilities commission of the state of Kansas is petitioner and the defendant herein is respondent.

All of the matters alleged in the answer, except that the public utilities commission desires to use the information obtained as evidence in a proceeding pending before the interstate commerce commission, were argued under the motion to quash the alternative writ of mandamus and were disposed of adversely to the contentions of the defendant by the former opinion. The disposition there made of those matters is adhered to and need not be further discussed. The new proposition presented by the answer and the motion is the only one that is necessary to dispose of at the present time.

When the case was here before, the court said:

"The defendant is a corporation organized under the laws of the state of Kansas. Public utilities operating within a state are, within certain limited fields, subject to the control of the state. Laws subjecting public utilities to partial control by the state are valid. The business of all corporations created by the state is subject to the control of the state while those corporations are operating therein except where that control violates some provision of the constitution of the state or of the United States. The inspection and examination by this state of the books, accounts, papers, records, property, and memoranda of a domestic corporation is not an unreasonable search and seizure thereof and does not violate the constitution of this state. An unwarranted interference with the business of a public utility by an inspection and examination of its accounts, books, records, and property will not be compelled and might be very properly enjoined; but it cannot be assumed by this court that the public utilities commission intends to make an inspection or examination for any improper purpose whatever. The court must assume that the commission desires first-hand information for its guidance in the discharge of its official duties." (p. 6.)

Section 66-143 of the Revised Statutes reads:

"The public utilities commission shall have power to intervene in any case pending before the interstate commerce commission in which interstate rates affecting the interest of Kansas shippers are involved, and said commission is hereby empowered and directed to pay all expenses of investigation and prosecution of litigation instituted under this section out of the contingent fund of said commission."

Section 66-144 of the Revised Statutes reads:

"If any interstate rate, joint rate, fare, toll, charge, rule or regulation,

classification or schedule of rates, joint rates, fares or tolls, is found to be unjust, unreasonable, excessive, unjustly discriminatory, or unduly preferential, or in violation of, the interstate commerce law, or in conflict with the rules, orders or regulations of the interstate commerce commission, the public utilities commission may apply by petition or other proper method to the interestate commerce commission for relief."

These statutes authorize the public utilities commission to institute and prosecute proceedings before the interstate commerce commission. That therefore becomes a part of the duty of the public utilities commission. The institution of the proceeding before the interstate commerce commission was authorized by law. The production of evidence in that proceeding is within the authority given by the laws of this state to the public utilities commission. Power to find that evidence is likewise given. These are sovereign powers which the state has placed in the hands of the public utilities commission for execution. This action has been instituted for the purpose of enabling the commission to find the evidence necessary to present to the interstate commerce commission in the proceeding instituted before it by the public utilities commission. The motion for judgment in favor of the plaintiff notwithstanding the answer of the defendant is allowed. It follows that a peremptory writ of mandamus should issue.

The writ is allowed.